


FILED
4/15/2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

RECEIVED
FEB 24 2016 EAS
2-24-16
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

~~OTIS~~
ROBERT OTIS

(Enter above the full name of the plaintiff or plaintiffs in this action)

16-cv-2569
Judge John Z. Lee
Magistrate Judge Sidney I. Schenkier
PC8

Case No: _____
(To be supplied by the Clerk of this Court)

vs.

DAW'S
c/o 3-Shift % ON-12-27-15
Sheriff TOM DART
SUPERINTENDENT OF DIV-11
& C FENDERSON

(Enter above the full name of ALL defendants in this action. Do not use "et al.")

CHECK ONE ONLY:          **AMENDED COMPLAINT**

[X]  **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

___  **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

___  **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

Reviewed: 8/2013

I. **Plaintiff(s):**

    A. Name: ROBERT OTIS

    B. List all aliases: N/A

    C. Prisoner identification number: 20150903024

    D. Place of present confinement: COOK COUNTY JAIL

    E. Address: 2600 S CALIFORNAI

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

    A. Defendant: DAVIS
        Title: Cook County Jail Sheriff
        Place of Employment: Cook County Jail

    B. Defendant: Tom Dart
        Title: Chief Sheriff
        Place of Employment: Cook County Jail

    C. Defendant: CFENDERSON
        Title: Superintendent
        Place of Employment: Cook County Jail - Div - 11

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Reviewed: 8/2013

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

  A. Name of case and docket number: N/A

  B. Approximate date of filing lawsuit: N/A

  C. List all plaintiffs (if you had co-plaintiffs), including any aliases: N/A

  D. List all defendants: N/A

  E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): N/A

  F. Name of judge to whom case was assigned: N/A

  G. Basic claim made: N/A

  H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): N/A

  I. Approximate date of disposition: N/A

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Reviewed: 8/2013

IV. **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

ON OR ABOUT 12-27-2015 THE OFFICER CAME TO MY CELL AND ASKED DID I THROW SOMETHING AT HIM. I WALKED AWAY FROM MY DOOR. THE OFFICER THEN CAME IN MY CELL AND CHOKED ME INTILL I PASSED OUT. AS I CAME BACK CONCIOUS THE OFFICER WAS BACKING OUT OF MY CELL. ALL THIS TOOK PLACE ON 3-SHIFT — 11-7 AT OR ABOUT 11.50.

SEE I WAS NOT ALLOWED TO A DOCTOR, FOR MEDICAL ISSUE'S AT THE TIME OF THE INCIDENT. THE NEXT DAY I TALKED TO OFFICER LOWE FROM THE FIRST SHIFT ABOUT MY INJURIES AND WHAT HAPPEN TO ME, HE THEN CALLED A WHITE SHIRT I TOLD HIM ABOUT WHAT HAPPEN AND HE THEN SENT ME TO MEDICAL ABOUT MY INJURIES.

Reviewed: 8/2013



Reviewed: 8/2013

V.  **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

$250,000 for suffering and pain, for my continuance pain. $250,000 for not giving me medical attention at the time of the incident. $250,000 for the officer putting his hands on me.

VI.  The plaintiff demands that the case be tried by a jury.  ☒ YES   ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __2__ day of __1__, 20_16_

__Robert Otis__
(Signature of plaintiff or plaintiffs)

__Robert Otis__
(Print name)

__201509030 24__
(I.D. Number)

__2600 S California__
__Chicago, ILL 60608__
(Address)

Reviewed: 8/2013

1. Defendant is charged in this case with the offense[s] of [type of offense(s)].

2. Defendant was convicted of the offense[s] of [offenses(s)] in [year].

3. Defendant has been informed that if [he/she] testifies in [his/her] own behalf at trial, the State plans to introduce evidence of [his/her] prior conviction[s] to impeach [his/her] credibility.

4. While the state, subject to the Court's exercise of discretion, may use certain felony and misdemeanor convictions of a Defendant in order to impeach his/her credibility should the Defendant testify at trial, the types of prior convictions which the state may use must be relevant to the credibility of the Defendant as a witness, and may not be used to prove that the Defendant has the propensity to commit criminal acts. *People v. Montgomery*, 47 Ill.2d 510, 268 N.E.2d 695 (1971); *People v. Williams*, 161 Ill.2d 1, 641 N.E.2d 296, 204 Ill.Dec. 72 (1994).

5. In deciding whether to allow the state to use the prior conviction for the purposes of impeachment the court must consider factors such as "the nature of the prior crime, the recency or remoteness of its commission, the age and circumstances of the Defendant, the extent of his criminal records, whether the crime was similar to the one charged, the extent to which it is more important to the search for truth in a particular case for the jury to hear the Defendant's story than to know of a prior conviction." *Williams*, at 39.

6. In the instance case, [INCLUDE appropriate factors, e.g., the Defendant is X years old, has no other prior criminal record, etc.].

7. Because [factors], the unfair prejudicial impact on the Defendant or the prior conviction would substantially outweigh any probative value on the issue of credibility.

WHEREFORE, the Defendant requests this Honorable Court enter an order prohibiting the State from introducing evidence of Defendant's prior conviction[s] to impeach [his/her] credibility.

Respectfully submitted,

_____
Attorney for [Defendant's Name]

[Attorney's Name]

[Name of Law Firm]

[Address]

Telephone: [Number]

Attorney No.: [Number]

Source: **Legal > / . . . / > Illinois Criminal Defense Motions** [i]
View: Full
Date/Time: Monday, February 1, 2016 - 12:27 PM EST

LexisNexis® About LexisNexis | Privacy Policy | Terms & Conditions | Contact Us
Copyright © 2016 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.
RELX Group™